Welcome to the Ninth Circuit and thank you for appearing for this this argument that we've set especially for this case we are ready to hear Rivera-Ramirez versus Garland case number 20-72941 and we'll go ahead and I'll just remind you we do we have set this case for 10 minutes you know try and pay attention to your time it may be in this case in particular that that you know we end up giving you a little bit of extra time but you know obviously if the judges are asking questions and the time is is showing up as expired you're free to answer the judges questions but otherwise do try and pay attention and let us know you know if you want to reserve time even if time goes out we usually we can give you some time for rebuttal and with that said we'll go ahead and hear from Mr. Acosta first I believe. Buenos Dias good morning to the court my name is Mario Acosta Jr. and I represent the petitioner in this case Mr. Rivera to court's permission I'd like to reserve two minutes of my time for rebuttal your honors I believe in this case there were several errors that were made by the agency the first one I'd like to identify would be the error of fact obviously I understand that errors of fact are reviewed for clearly erroneous and under a clearly erroneous standard the problem here is that the agency essentially concluded that's correct your honor just not the same but with respect to the findings of fact so what I'd like to do is address my understanding of past persecution in before we can apply a substantial evidence standard or decide if perhaps the past persecution has to be looked at under a de novo standard there has to be at least an agreement that the facts are undisputed that they're settled the argument that we would present first in this case is that the facts here as they were concluded by the BIA by the agency are wrong the BIA what facts what because I didn't see that I mean it seemed like there was general agreement about what the facts are so tell me what facts you think are actually wrong that the IJ or the BIA relied upon well in this case the argument would be that the BIA concluded court concluded that responded that that mr. D that I was never physically harmed by the gang members so their factual conclusion was that the threats that were made against mr. D that I were never actually carried out in other words there was never any direct harm that was inflicted by the gang members to my client but hold on I mean it's interesting that you phrase that as a factual problem because in one way it's it's more of a legal question but factually that seems to be correct I mean factually can you point us to any evidence that the gang members actually harmed him as opposed to you know potentially caused him to be harmed well I guess the argument here would be that he harmed himself under the threat of death so I think what judge Nelson is saying is somewhat it seems to me and it's somewhat more productive for you to say the legal question is that they assumed that they're that they essentially rested on a legal ruling that they needed there wasn't a persecution unless the persecutors with their own hands caused the harm as doing something that was harmful and I don't I mean you can call it a factual question but it seems to me to be a legal question and and in that case and what I'll do is move on to what my argument would be which is that at this point it would obviously be something that's unsustainable because I believe that if you look at prior precedents such as the ones that we've cited from seeing as well as car car involved in attempted rape and in that case the Ninth Circuit ruled that that was sufficient to qualify as past you could argue that this was some type of a sexual assault assault or form of rape obviously trying to insert drugs into your rectum is going to cause pain my issue with the agency of decision well not so much record is that it caused pain and caused bleeding so there was an injury it caused severe emotional distress as one would think absolutely so the notion that he wasn't didn't show any injury isn't true maybe that's a factual determination agreed but I believe that's where the error from the BIA comes right and we can call it legal error when they characterize it as rather than it being painful he bled and they call it what is essentially comply I'm sorry the the IG did seem to recognize that though I and that's where I'm confused as to how not confused but I think it's just an open question about how to review this because the IJ seemed to recognize I mean no no one's looking at this case saying that there's not problems with what happened here the question is whether it meets ultimately that whether the facts meet the legal definition of past persecution or and what what's your best case for that because I mean shawarma walks through some factors that seem to go against your client now you've cited these two there you're right there's a at least the recent case of seeing but what's the best case that you have I mean do we have to say that this is tantamount to attempted rape to to get to you in favor of your client here I'm not necessarily attempted rape but I do believe that it's a form of a sexual assault I mean when you're given the option of either being killed or having to comply with their requests notwithstanding the physical pain and of course the emotional pain that's going to come with that any person is going to obviously take the second option I guess might have a fundamental problem with your characterization of what occurred is a sexual assault because sexual assault has very specific definitions within the all those states that criminalize that within the federal code includes specific intent it includes the requirement that the acts are done with the intent to arouse or gratify you know sexual interest of either the victim or the perpetrator all sorts of things that are just not present here because this seems clearly to be a case where the gangs were interested in smuggling drugs it was all about smuggling and and the fact that when your client went to the prison to try to smuggle the drugs he was subjected to a body cavity search reinforces that this is a common way of transporting drugs not a way of having sexual gratification so from the start I think your argument that this was a sexual assault fails this was an attempt to smuggle drugs well respectfully I understand your I understand why you would have that perspective your honor but I let me present it a different way let's let me ask you to back up for a second sure I don't see anywhere in the IJ's oral written oral decision where they said where they made some kind of legal determination that what occurred here is not cannot be persecution per se because you know can't be persecution if you harm yourself or something along those lines it seemed to me a really straightforward plain vanilla everyday weighing of the facts and weighing making a factual determination of whether those persecution in your brief to the BIA did you argue that this was a sexual assault yes that argument was presented and obviously it was done so in conjunction with bringing up the fact that when he was first approached by the gang members it's important to to to understand that he was the victim of an attempted murder to the extent that they put a gun to his head right so the very stretch he was threatened he was threatened and that's that's another thing that's pretty prevalent in our case a lot of threats are very common sometimes they rise to the level of persecution sometimes they do not none of these threats were acted on most of them were telephonic they you know they weren't accompanied by beating him or a family member while they threatened to me some of the factors we found to take a threat over the level of just being I believe that you brought up some good points and I'd like an opportunity to respond to them I believe that in this case the the fact is and this is a legal error the BIA believes that the only way that you can establish harm is if the harm is physically directly committed by the persecutor but they did not person you cannot point me to a line in the BIA's decision that says that that's your interpretation of what they said and the other problem I have with your argument is nowhere in your opening brief did you make an argument that there should be the Novo review and you did not file a reply brief when the government laid out the argument very clearly and explicitly that this isn't reviewed for substantial evidence so I don't know why we would even reach that issue it's been clearly waived well respectfully I believe that because the government's addressed it I don't believe that there's any reason why you wouldn't be able to consider it if we're going to find if the court was to find the wrong legal standard has been applied you don't you don't raise the issue in your opening brief which where it is required it wouldn't even be good enough in a reply brief but meanwhile you're suggesting it you don't have to argue it at all but you can come in an oral argument and raise this point for the first time no what I'm suggesting is that this case is similar to sing where the court found that whether you applied DeNovo or apply substantial evidence the court had to make a decision reversing the agency right so the argument here your honor would be that the BIA says that there was no harm so here's the problem if we agree he wasn't harmed the BIA said the level of harm didn't rise to the level of persecution which is an entirely different finding well like I said their position seems to suggest that because the gang members didn't physically directly harm him that that's the reason why he suffered wasn't connected what wasn't sufficient for persecution hey the IA expressly agreed with the IJ's reasoning right and the IJ's the fact remains that the anyone else ever so there is a finding that he wasn't physically harmed right but obviously if you review this that's clearly an erroneous finding because he was it seems to me to be a legal finding that it can't be physically harmed unless they touch him and that's and that's the error so if I may there's no doubt that he was harmed I mean it was harm the fair enough harm is another question but he was certainly harmed correct but in any event I see my time is up so unless the court has any other questions I would ask for some time for rebuttal otherwise no we'll definitely give you a rebuttal any other questions from the panel if not we'll give you two minutes for rebuttal so thank you mr. King may it please the court I'm Brett Kenny on behalf of the Attorney General this court should deny the petition for review because substantial evidence supports the agency's conclusion that the petitioners experiences in El Salvador did not rise to the level of persecution as an initial matter we have a legal issue about whether that's the right standard right this court has noted that there is some tension in the court's case law but as judge Bate noted the petitioner did not argue in his opening brief that de novo overview would apply and the government addressed the issue because one the federal rules require that the parties specify the standard of review and because of that we have to we should apply the wrong standard of review because it wasn't mentioned in the opening brief does that make sense no your honor and it's not the wrong standard of review but the waiver operates that such that if a party does not dispute an issue then the court proceeds as it would anyway and no we proceed that doesn't seem something that's makes a lot of sense to for a court to do the wrong thing because you know as to its role because the agents because of the way it was arguing especially because it's come up I mean more you you did argue it and we have a set of principles that say that if there's no prejudice and if you had a chance to argue it then we would reach it but I don't know if we should reach it but but just but you can't stand up and say that's clearly a substantial evidence if you want to argue it that way you can but but there's also the question of whether there are legal rulings here that we would have to review to know who anyway clearly argued substantial evidence I don't think you have to accept judge Berzon's characterization your argument is its way for substantial evidence make your argument yes your honor it is way for substantial evidence as this court stated in facade versus INS in 1995 in that case the court considered whether harm rose to the level of persecution and applied the substantial evidence standard and that case has never been overruled or abrogated by Supreme Court precedent or by this court on bonk so under the court's prior precedent rule that remains binding and that's consistent with INS versus Elias Zacharias which in which the Supreme Court stated that the eligibility determination as to asylum can only be reversed if a reasonable fact finder would have to find the requisite fear of persecution has been met and notably in facade this court looked to Elias Zacharias in concluding that touchstone in asylum cases we're not going to argue about this and we won't if the issue was a before us and we shouldn't discuss it but if we're going to discuss it Elias Zacharias was not talking about the question of how much is enough persecution was talking about whether there was a nexus correct your honor it's not really pertinent but go ahead can I ask a question about so we two years ago issued the shawarma decision and I guess my question is how much does that control this case because this case does seem to present this extra aspect of potential like you know psychological or emotional trauma that wasn't really addressed there do we need to I mean can we just rely on facts are different from that case no your honor Sharma is very instructive in this case particularly in that it went through numerous factors that tend to recur in this court's precedents regarding past persecution and it said that there were none of none exclusive that there are others to correct your the court did note in Sharma that the first and often a significant consideration is whether the petitioner was subject to significant physical violence and relatedly whether he suffered serious injuries that required medical treatment agency since I think we've had three different opinions saying that don't actually have to be serious injuries seeing getting a bond at least one more so it appears that I mean there were injuries and and there were as judge Nelson says serious psychological injuries and the there were specific threats in the Sharma list right there were very specific threats here so that that version is here there were threats repeatedly there was general societal terminal turmoil there was asserted injury or at least threats to family so what which are the Sharma factors don't can't aren't here respectfully the first factor your honor significant there was no significant physical violence and Sharma said serious injuries question of whether compelling somebody at gunpoint and threats and repeated threats of death to him and to his nephew to do something that was an intrusion on his body and hurt and caused an injury and was emotionally distressing it's not physical violence it's a factual question your honor about what happened in El Salvador and notably the petitioner specifically argued in his to the board on page 24 of the record that the immigration judge was correct in pointing out that he wasn't actually directly physically harmed so the question is just directly matter correct your honor and that the gang members never touched him they didn't perform any acts of violence against him so but that's not where they ended their analysis right I mean your opposing counsel is arguing that they just didn't consider any of this harm at all because it wasn't direct that doesn't seem to be to me a fair reading and I appreciate your your response to that because it seems like there's this one fact there's this one factual statement which seems correct that there was no direct harm but that's not what it was all rested on am I right on that did I or did the BIA error by not considering some of this other harm that was was present just not directly present I correct your honor both the immigration judge and the board looked at the totality of the circumstances including the threats and to your honors a previous question about the Sharma being instructive Sharma also discussed this court's case law about threats alone which looks to whether there is significant actual suffering and in that context of threats alone which is what this case is this court has required or stated that threats alone constitute persecution only in a very small subset of cases so then I want to ask you about that because I I believe it was my opinion in but this one does seem to be different I'm trying to figure out how much we have to grapple with it because there was at the end of the day a gun pointed at his head now I mean do we just discount that because you know nothing was done I mean there was a gun pointed his head but he was never actually I mean he wasn't even hit I mean we get a lot of cases where they're hit by other people you know physically touched and we and it's not persecution so do what do we do with the gun being pointed his head it does that is that already governed by our case law or do we have to grapple with that in some way here this court has indicated that death threats coupled with confrontation can constitute persecution but it has never had there is no per se rule that because a gun or firearm is involved in conduct that it is necessarily persecution and that would be contrary to the Supreme Court's direction for courts not to impose embellishments on the agency persecution isn't defined in INA and instead it's considered on a case-by-case basis based on the specific facts so while threats including ones that involve the use of a firearm may be persecution they are not categorically so especially in this case where somebody if somebody went up to somebody and threatened this is a maybe an inept hypothetical but but on this direct injury point if somebody held a gun and somebody and said here take these fatal pills and and they took them and they did that would not be that that has to be persecution right even though there was no nobody touched him and it was in that circumstance perhaps your honor but notably here it's a very different circumstance where the threat was contingent and depended on the petitioner performing acts at least a week away in Villegas Sanchez this court concluded that menacing threats where the persecutor a gang member had said you have two days to comply still wasn't so overwhelming as to constitute I thought that when he actually got to the jail and didn't do it he was threatened again on site he was threatened that he had to attempt again and then yes they said that they issued more I mean in terms of the case law this was not a one-shot deal I mean this went on for a number of weeks with a number of different threats and a number of and then after they they supposedly said okay then they went and they threatened his partner and essentially threatened him again or he understood it that way and that was reasonable and then somebody else came and asked him to do the same thing again so this was a pattern not a one-shot deal of any kind. Respect for your honor my reading of record is that the threats occurred over approximately two possibly three-week period which is similar to Villegas Sanchez where the threats occurred over a three-week period and did not constitute persecution and contrary to the petitioner's arguments on his brief the threats to his partner were not directed at him they weren't part of a pattern of persecution related to him they were directed first of all a threat to to one's you know partner can be coercive that's to him just for that reason but second of all what they supposedly actually said to him was if you want to continue having relations with him you better do this which can certainly be taken to mean because we're going to hurt him and it was taken back that is what he understood. My reading of the record is that if that threat was directed at Jose to require him to perform actions for the gang and notably that occurred after the petitioner testified that he had no further contact with the gang members after he refused to perform any further actions for them after never being physically touched by them they said that's fine and they stopped contacting them that does not compel the conclusion that he experienced persecution which as this court has stated numerous times is an extreme concept. It's not an individual thing I mean it's everything together and our case law is clear on that right it's not simply so if they had gone and threatened his partner and said you know if you don't do x that your partner is going to be hurt that would certainly be part of a larger persecution what they actually did is tell the partner that the partner either they were either saying and it could be taken both ways either we're going to hurt you the partner or we're going to hurt Rivera's Ramirez or maybe both who knows but it was certainly not and they were asking requiring the partner to do something to avoid that injury and that's not an injury or a threat to Rivera Ramirez. Not necessarily and the record certainly doesn't compel that conclusion as your honor noted. I also just wanted to briefly state that while the petitioner says that he argued to the board that the conduct amounted to sexual assault he did not in fact in his counsel brief there's nowhere that he made a specific argument that the gang members conduct amounted to or met the legal definition of sexual assault. So that can I ask a question can I ask a question about that I mean it's interesting because it seems like one reason why the sexual assault aspect has come up in this case in particular is because the petitioner happens to be gay and yet it seems like the vast I mean this is as Judge Beatty noted this is a very common way of smuggling drugs so if we went if we did adopt petitioner's argument would we have to say that this is always a you know a sexual activity or would it only be a sexual activity you know if it were say you know a female or if it were a homosexual male I mean that's it just seems like odd that we would just cabinet based on who the petitioner was as opposed to just deciding is this sexual in nature or is it not and wouldn't that go run across the board? Yes your honor there are a number of considerations which would could weigh in any number of ways and is a reason why this court should not address that issue in the first instance where it was never presented to the board to address and weigh in which it should be allowed to. I don't know why it matters whether we call it sexual assault what matters is that he no one seems to be disputing at least at this juncture that he was chosen for this task because of his sexual orientation and that they were and they called him names and they it was based on his sexual orientation whether it's a sexual assault or not so I think that's the limitation on Judge Nelson's concern in that he I mean that in this unique set of facts it appears that he was chosen for that reason and do you disagree with that? No your honor and I claim which the agency didn't dispute and didn't rest its decision on next so that is whether it was sexual assault or not it was a coerced assault meaning a coerced injury to him through a through bodily intrusion whether you call that sexual or not doesn't seem to matter very much. Correct and I think the point that you're making Mr. Keeney is we don't need to reach this so I mean I don't want to get on hypothetical tangents but it still strikes me as odd that we would say that the same activity maybe it's not odd maybe we do this in other cases I guess it does it fits within the nexus requirement I mean you could ask a heterosexual male to do the same activity and presumably it wouldn't be persecution whereas here it would be because of the nexus to a particularized social group and again that that isn't really raised in this case but it is just something that's been in the back of my mind. Right well and something that might also be helpful is this court has stated in several cases that what's relevant for the persecution inquiry is not the level of harm or the subjective suffering of the petitioner but the conduct of the persecutor so in looking at that the court could focus its inquiry on the persecutor's conduct and here the persecutors threaten the petitioner to smuggle drugs into a jail and he didn't never actually inserted the drugs he didn't comply with their instructions. He did try and he hurt himself doing it and he hurt himself very much as well. But not all harm rises to the level of persecution as this court has stated and although the petitioner did experience some suffering this court has stated that that's not the relevant inquiry and again persecution is an extreme concept and here the petitioner was never harmed the gang members never acted on any of their threats and that's why this said threats very rarely constitute persecutions because they are sometimes hollow which is the case here. I see I'm well over my time if the court has no further questions then for the foregoing reasons and the reasons stated in the government's brief we would respectfully request that the petition for review be denied. Thank you counsel we'll give two minutes for rebuttal now. Thank you your honor. Obviously I would like an opportunity to address the question about the direct or indirect harm from the persecutors because I realize that that's the inquiry right persecutors conduct. Let me invite the court to consider the following. Let's assume that Mr. Rivera that the gang members have subjected him to sex trafficking gang members never touched him the gang members never raped him but they put him out there to be raped. In that scenario I don't think that the argument would be plausible that he didn't suffer past persecution because the gang members never actually physically harmed him. That doesn't help us I mean you can come up with any number of hypotheticals where a person was persecuted and harmed that just are not the facts that we have before us and we're weighing in the whether there's substantial evidence to support the agency's conclusion where the agency did a pretty straightforward weighing of evidence and then that's what we do just we don't really weigh the evidence we just determine whether we're supported by substantial evidence we don't I mean making up hypotheticals that are not relevant or not applicable I don't think it gets us there I mean just like calling this an attempted rape or sexual assault it wasn't so how does that help us I mean if he was subjected he wasn't subjected to sex trafficking if he were we'd have a whole different case that's not the case we have. I understand so then I think that probably the easiest way to look at this would be the following Singh says to consider certain factors right and Singh makes it clear you don't need a broken bone to find past harm that's why there's case law that has found that threats alone may constitute past persecution in this case consider his age he was 19 years old when this happened and in saying the court made it a point to highlight that's kind of complicated he was he was 16 17 or 19 depending on um it appears that actually all this happened in 2008 not in 2010 right but the bottom line is that he was a teenager right I mean he was still young right so that was something that Singh points out that we should consider obviously the harm here was significant because there was bleeding there obviously was pain and he was found credible when he gave his testimony when he submitted his declaration he said that he did all of these things under the threat of death right he understood it when the gun was pointed to him he subjectively believed that it was under the threat of death if I don't do this I'm going to be killed so I think we have to also consider that he did this more than once he said that when he went home with the the object with the drug he tried multiple times he talked to his brother he told people that he couldn't do it that it caused him pain and then he does it again when he gets to the jail I think that it's significant that if you consider that that was harm or harmful it happened more than once it wasn't as though he tried to put it once didn't work he said I'm not going to touch it again he was in fear for his life and he tried it multiple times and I get that he was unsuccessful and I realized that the gang members then decided not to pursue that any further but that doesn't mean that he wasn't persecuted doesn't mean that he didn't suffer the requisite harm and I think that when you consider saying when you consider the Flores case that was also decided recently I think that the court should find that the record compels a finding that he did suffer past persecution and again I would argue that there is no reason why the court couldn't entertain the request that we made that perhaps this might be the case that the court finds invites reconsideration of the standard and to apply a de novo standard because at some point if the agency makes these determinations and you have to give substantial deference to it because it is the trial court but we know that they're wrong when they make an assumption such that he was not harmed I mean the BIA's decision refers to him as not being able to quote attempts to comply the way they characterize it is more like well he tried and it didn't work so it's okay it wasn't really that harmful how is any different than somebody who's punched but not knocked out right it's beginning to question how much how much harm is enough and I think that's why Singh makes the point we don't need a broken arm that's why threats are enough that's why when you look at everything cumulatively right because I think that's the one word that we haven't said today cumulatively that's what the thank you thank you both for your arguments in this case and the case has now been submitted and that concludes the arguments for today this court for this session stands adjourned
judges: BERZON, NELSON, BADE